# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### April 14, 2009 Session

## TENNESSEE CABLE TELECOMMUNICATIONS ASSOCIATION v. ELECTRIC POWER BOARD OF CHATTANOOGA

### Appeal from the Chancery Court for Davidson County
### No. 07-2145-III    Ellen H. Lyle, Chancellor

---

### No. M2008-01692-COA-R3-CV - Filed August 26, 2009

---

An association of cable providers sued the Electric Power Board of Chattanooga in Davidson County challenging the Board's plan to provide a cable and internet network under Tenn. Code Ann. § 7-52-601 *et seq*. Specifically, the association alleged that the Board was improperly funding the network in violation of Tenn. Code Ann. § 7-52-603 and that the plan submitted to the comptroller for review in Davidson County under Tenn. Code Ann. § 7-52-602 was defective. The trial court dismissed finding that since no violation allegedly occurred in Davidson County then the trial court lacked jurisdiction and venue under Tenn. Code Ann. § 7-52-609. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

PATRICIA J. COTTRELL, P.J.,M.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

W. Travis Parham, Michael G. Stewart, Jamie Ray Hollin, John M. Farris, Nashville, Tennessee, for the appellant, Tennessee Cable Telecommunications Association.

Misty Smith Kelley, Joe A. Conner, John M. Phillips, Gary Clark Shockley, Frederick L. Hitchcock, T. Maxfield Bahner, William R. Hannah, Chattanooga, Tennessee, for the appellee, Electric Power Board of Chattanooga.

## OPINION

The Tennessee Cable Telecommunications Association ("TCTA") is an association of owners and operators of franchised cable television systems. TCTA brought a declaratory judgment action in September of 2007 in the Chancery Court for Davidson County alleging that the plan developed by the Electric Power Board of Chattanooga ("Board") to develop a cable television/internet network violated Tenn. Code Ann. § 7-52-603.

The Board filed a motion to dismiss the declaratory judgment action arguing, among other things, that the alleged statutory violations occurred in Hamilton County. Consequently, it asserts jurisdiction and venue lie in the courts of Hamilton County and not Davidson County.

The trial court's first order in January of 2008 denied the Board's motion to dismiss. After the Board asked the trial court to reconsider, on April 14, 2008, the trial court granted the Board's motion to dismiss finding it lacked both jurisdiction and venue. In addition, the trial court found that even if jurisdiction and venue were proper, the case should also be dismissed because the case does not yet present a justiciable controversy, *i.e.*, it is not ripe, and because TCTA does not have standing to bring this action.

TCTA appealed and argues that jurisdiction and venue were proper, the controversy is ripe, and the association has standing. Since we find the trial court was correct in its finding that the Davidson County court lacked jurisdiction and venue, all other issues on appeal are pretermitted.[1]

## I. MOTION TO DISMISS

A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint itself. *Willis v. Dept. of Corrections*, 113 S.W.3d 706, 710 (Tenn. 2003); *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). The standard of appellate review of a dismissal under Rule 12.02(6) requires that we take the factual allegations in the complaint as true. *Willis*, 113 S.W.3d at 710. The trial court should grant a motion to dismiss only "when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Willis*, 113 S.W.3d at 710.

---

[1] The dismissal of a franchisee's virtually identical challenge to the Board's cable/internet network development in Hamilton County was upheld in *Comcast v. Electric Power Board of Chattanooga*, No. E2008-01788-COA-R3-CV, 2009 WL 1328336 (Tenn. Ct. App. May 13, 2009). The Court of Appeals in *Comcast* found that the franchisee's challenge to the Board's action in Hamilton County filed after TCTA filed this suit in Davidson County should be dismissed under the "prior suit pending" defense. *Id*., at *6. It was noted in *Comcast* that this case was on appeal for jurisdiction issues. *Id*.

> If it is determined on appeal in the Davidson County lawsuit that the Davidson County Chancery Court did not have either subject matter jurisdiction over the dispute or personal jurisdiction over the parties, then at that time the prior suit pending defense will be eviscerated and the present case can proceed in Hamilton County. However, until that happens, these two essentially identical lawsuits cannot both be allowed to proceed at the same time.

*Id*.

## II. Statutory Authorization

A municipality that operates an electric plant is authorized by Tenn. Code Ann. § 7-52-601(a) to provide cable and internet services within its service area through the governing board of its electric operations. This authorization is, however, subject to multiple statutory restrictions and conditions found in Tenn. Code Ann. § 7-52-601 through - 611.

For purposes of this declaratory judgment request, two of these restrictions and conditions are particularly pertinent. First, there is a provision containing funding restrictions that prevent the utility division from funding the operation of the cable or internet network. This provision requires the creation of a division separate from utility operations, and "cross subsidy" by the utility operations is prohibited. Tenn. Code Ann. § 7-52-603(a)(1)(A). A municipal electric system may, however, lend money to the cable/internet division for capital type of expenses subject to certain restrictions, including that interest paid on such funds be allocated as part of the cost of services by the cable/internet division. Tenn. Code Ann. § 7-52-603(a)(1)(B).

Second, the governing board of the municipal electric system must follow an established statutory procedure in order to provide cable and internet services. First, the governing board must file its business plan with the comptroller of the treasury:

> Upon the approval and at the direction of the governing board, the municipal electric system shall file a detailed business plan with the office of the comptroller of the treasury that includes a three-year cost benefit analysis and that identifies and discloses the total projected direct cost and indirect cost of and revenues to be derived from providing the proposed services. The plan shall also include a description of the quality and level of services to be provided, pro forma financial statements, a detailed financing plan, marketing plan, rate structure and any other information requested by the director of the division of local finance;

Tenn. Code Ann. § 7-52-602(1).

The comptroller is then to provide a feasability analysis to the chief legislative body of the municipality and the governing board within 60 days, but if the comptroller fails to do so the governing board may proceed.

> After review of the plan, the comptroller of the treasury shall provide a written analysis of the feasibility of the proposed business plan to the chief legislative body of the municipality in which the municipal electric system is located and the governing board within sixty (60) days; provided, that the calculation of the time to file the comptroller's written analysis shall not commence until the business plan is complete. Upon expiration of the sixty-day period, the governing board may proceed without the written analysis of the comptroller;

Tenn. Code Ann. § 7-52-602(2).

If the governing board proceeds, then it must publish notice of its intent to do so and hold a hearing on the issue. Tenn. Code Ann. § 7-52-602(3) and (4). The municipal electric service can provide cable or internet services only upon approval by 2/3 of the chief legislative body or if approved only by 1/2 of the chief legislative body, then upon approval by referendum. Tenn. Code Ann. § 7-52-602(4) and (5).

In addition to detailed statutory restrictions and conditions placed upon a governing board wishing to provide cable or internet service, the legislature was likewise specific about both who and how such action could be challenged. The challenge must be brought by a franchisee operating in the applicable service area, and it must be brought in the chancery court of the county where the alleged violation occurred.

> A franchisee under chapter 59 of this title operating in the service area of the municipal electric division providing services under this part may bring a civil action for injunctive or declaratory relief for a violation under this part, and may recover actual damages upon a showing of a willful violation under this part. **Jurisdiction and venue for such action shall be in the chancery court in the county where the alleged violation is occurring or will occur.** Such actions shall be scheduled for hearing as a priority by the court.

Tenn. Code Ann. § 7-52-609 (emphasis added).

### III. FACTUAL ALLEGATIONS IN COMPLAINT

For purposes of consideration of this appeal, the following allegations in the complaint are taken as true.

The Board is a municipally owned utility that provides electric power to Chattanooga, most of Hamilton County, and part of eight other Tennessee counties. In August of 2007, the Board approved a Fiber Optic Broadband Business Plan ("Plan") to develop a cable/internet network in its service area. The Plan was submitted to the comptroller for review, and the comptroller provided a written analysis of the Plan under Tenn. Code Ann. § 7-52-602 in August of 2007. On September 5, 2007, the Board held a public hearing on the Plan and subsequently approved the Plan.

The Plan calls for the construction of the cable/internet system to be financed by electric system revenue bonds, *i.e.*, the electric system is lending money to the cable/internet division. The revenue generated by the cable/internet revenue is to repay this loan. According to TCTA, the Plan underestimates operating costs while overestimating revenue. Since the cable/internet service will not be able to generate sufficient revenue to repay the loans, TCTA argues, the Plan violates the prohibition of cross-subsidy in Tenn. Code Ann. § 7-52-603(a)(1)(A). Specifically, TCTA complaint alleges:

20.     The Network operations' inability to repay the loans from the Electric System will necessarily mean the Electric System will subsidize the Network operations - a practice strictly prohibited by the language of Tenn. Code Ann. § 7-52-603.

The complaint seeks the following relief:

1.  The Court to enter a declaratory judgment pursuant to Tenn. Code Ann. §§ 29-14-101 et seq., that the [Board's] Plan is in violation of Tenn. Code Ann. § 7-52-603;
2.  The Court enter an order prohibiting the [Board] from implementing the Plan; and
3.  The Court award the TCTA any other further, general relief to which it may be entitled.

Thus, the crux of TCTA's allegation in the complaint is that the Plan violated the cross subsidy prohibitions found in Tenn. Code Ann. § 7-52-603(a)(1)(A).[2]

## IV. ANALYSIS OF JURISDICTION AND VENUE

TCTA alleges that Tenn. Code Ann. § 7-52-603 was violated by the alleged cross-subsidy. In order for the Davidson County Chancery Court to have "jurisdiction and venue" under Tenn. Code Ann. § 7-52-609, the alleged violation must occur in Davidson County. The question, then, is whether the alleged cross-subsidy violation "is occurring or will occur" in Davidson County.

The answer to this question is no. By statute, the only action that occurs in Davidson County is that the Board is to file the Plan with the comptroller and the comptroller is to analyze the Plan under Tenn. Code Ann. § 7-52-602.[3] The TCTA complaint alleges that both of these events, in fact, occurred. In other words, TCTA does not allege a violation of Tenn. Code Ann. § 7-52-602.

According to the complaint, the alleged statutory violation is of Tenn. Code Ann. § 7-52-603(a)(1)(A) prohibiting cross-subsidy of the cable/internet operations with funds from the utility divisions. In the event that such prohibited cross-subsidy "is occurring or will occur," it will obviously happen in Hamilton County where the operations are located. Since there is no allegation that Tenn. Code Ann. § 7-52-602, requiring submission to the comptroller, was violated and that is the only act that allegedly occurred in Davidson County, the trial court was correct that under Tenn. Code Ann. § 7-52-609 the Davidson County Chancery Court lacked jurisdiction and venue.

---

[2] We note that the alleged violation of this cross subsidy provision appears to have broadened a bit as discussed in the briefs on appeal. Nevertheless, the basic allegation is that the Plan calls for the utility operations to fund the cable/internet operations in a way that violates Tenn. Code Ann. § 7-52-603(a)(1)(A).

[3] Since the comptroller's official domicile is Davidson County, any complaint alleging a violation occurring in the substance of a plan filed with the comptroller would, under TCTA's theory, be filed in Davidson County. The legislature specifically chose not to make Davidson County the proper venue for challenges under this statutory scheme.

TCTA argues that the Board was obligated to submit a Plan to the comptroller that complies with the statutory scheme, including Tenn. Code Ann. § 7-52-603, and that failure to do so is a violation that occurred in Davidson County. Even assuming that the Plan filed with the comptroller failed to comply with the cross subsidy prohibition of Tenn. Code Ann. § 7-52-603, the filing of the Plan does not constitute a violation of the Tenn. Code Ann. § 7-52-602 governing the comptroller's review. The Board was required to submit a detailed Plan to the comptroller that included a litany of items, such as projected costs and revenues. TCTA does not allege the Plan failed to include the items required by Tenn. Code Ann. § 7-52-602(1), but instead argues that the projections are in error. Nothing in the statute indicates that the filing requirement can be met only by submission of a perfect plan. The legislature clearly did not anticipate such a requirement since the comptroller is given the opportunity to comment on the "feasibility" of the Plan. The comptroller is not required to comment on the Plan, to approve the Plan, or to even find that the Plan is feasible.[4] If the comptroller makes no comment at all, the Board may proceed after 60 days. TCTA has simply not alleged that any violation of relevant statutes occurred or will occur in Davidson County.

Since Tenn. Code Ann. § 7-52-609 clearly requires that a violation of the statute "is occurring or will occur" in Davidson County for jurisdiction and venue to lie there, and since TCTA has failed to allege a violation that occurred in Davidson County, then the trial court's finding that it lacked jurisdiction and venue is affirmed.

The trial court is affirmed. Costs of appeal are taxed to the appellant, Tennessee Cable Telecommunications Association, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, P.J., M.S.

---

[4] The limited role of the comptroller and the wide discretion given him make it unlikely that state official would be a proper defendant under the set of statutes at issue herein. In a proper case naming the comptroller as a defendant, venue might lie in Davidson County. Nonetheless, TCTA has not alleged any actions or failures to act by the comptroller that somehow violated the relevant statues.